UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD O. DRISTER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A, GILL,<br><br>　　　　　Respondent. | Case No.:1:13-cv-00841-LJO-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　Petitioner filed the instant petition for writ of habeas corpus on June 3, 2013. Petitioner contends that he is currently an inmate of the Federal Correctional Institution in Mendota, California, serving a sentence of 335 months for conspiracy to commit an offense against the United States and bank robbery imposed in the United States District Court for the Southern District of Ohio.

　　　　In the instant petition, Petitioner challenges a sentencing enhancement based on a prior conviction and argues he is actually innocent of the enhancement. Petitioner alleges that the prior offense, a burglary, does not render him a career offender because there was an insufficient showing under Oregon law that he committed a first degree burglary.

///

///

1

# I.

# DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id.; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence and that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do

not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Here, Petitioner challenges his underlying conviction and sentence.  Because Petitioner is alleging errors relating to his conviction and sentence, and not errors in the administration of his sentence, Petitioner is not entitled to relief under § 2241.

Petitioner argues that § 2255 is inadequate and ineffective because his claim is based on new law established in the Sixth Circuit in United States v. McMurray, 653 F.3d 367 (6th Cir. 2011) and United States v. Wynn, 579 F.3d 567 (6th Cir. 2009), after his direct appeal and time to file a § 2255 motion expired.  The Court does not agree.  Petitioner has not and cannot demonstrate that he was obstructed in his effort to set forth his claim.  Petitioner raised the instant challenge on direct appeal and the United States Court of Appeals for the Sixth Circuit rejected his claim stating in pertinent part:

> It should be noted that [Petitioner's] attorney conceded at the sentencing hearing that the "information contained in paragraph 59," which pertains to the 1996 Oregon burglary conviction, "is basically the documentation from the U.S. Probation Office in Portland, and it is clear that this defendant was convicted of burglary and he was in fact sentenced for that burglary." [Citation.]   Nevertheless, on appeal, [Petitioner] argues that "the District Court made its determination as to the violent nature of the Burglary offense by reviewing unreliable information that it is not permitted to consider under Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)." [Citation.]  Specifically, [Petitioner] argues that the District Court "based its decision on a [PSR] and a conviction entry for a nongeneric burglary," and that "[t]his was not sufficient to qualify as a prior felony conviction of violence as a career offender." [Citation.]  This Court reviews de novo the question of whether an offense constitutes a crime of violent for purposes of sentencing.  See Calloway, 189 Fed.Appx. at 488 (citing United States v. Richardson, 437 F.3d 550, 555 (6th Cir. 2006), and United States v. Foreman, 436 F.3d 638, 640 (6th Cir. 2006)).  For the following reasons, [Petitioner's] argument in this regard lacks merit.
>
> After the completion of the PSR, but prior to the sentencing hearing, the Probation Officer supplied the District Court and all parties with a memorandum that attached "documents pertaining to the criminal history of Leonard Drister." [Citation.]  Included among these documents was the charging instrument for the 1996 Burglary I offense. [Citation.]  The Indictment charged two counts of first-degree burglary of "a building that was [a] dwelling located at 14900 NW Cornell #65," and specifically alleged "That

3

the above-described crime, defendant was armed with a deadly weapon." [Citation.] Also included in the documents attached to the Probation Officer's memorandum was a written judgment entry upon a plea of no contest that reflected [Petitioner's] conviction for "Burglary in the First Degree (threatened physical injury)" and his sentence of 60 months in prison. [Citation.] Finally, the memorandum included a June 28, 2005 report from the Probation Office in the District of Oregon that detailed the facts of the burglary incident. [Citation.] This description specifically indicated that [Petitioner's] burglary offense occurred at an apartment complex. [Citation.]

At or before the sentencing hearing, [Petitioner] did not object to his classification as a career offender. [Petitioner] neither argued before the District Court, nor does he on appeal, that this burglary offense was not of a dwelling. In fact, [Petitioner] conceded in his sentencing memorandum that he was the "driver in the incident alleged." [Citation.] Importantly, he did not object the description in the PSR that this particular "incident alleged"-for which he apparently was the driver-was an armed burglary of the victim's apartment. [Citation.] Thus, [Petitioner] did not contest the fact that his 1996 Oregon burglary conviction was a "burglary of a dwelling." Hence, although Oregon's burglary statute might be described as a "nongeneric burglary statute," [Petitioner] nonetheless did not contest the pertinent facts that satisfy the elements of a generic burglary as defined by Taylor, nor does he on appeal. We review this issue for plain error because it was not raised before the District Court. United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

At the sentencing hearing, the District Court explicitly referred to the documents described above [citation], and noted that it "can certainly conclude from the records we've gotten, [and] I don't think Mr. Foster [Petitioner's attorney] disagrees, that there was a conviction for burglary."[1] [Citation.] Therefore, it is clear that the District Court had available to it, and did consider at the time of sentencing, the pertinent state court records to determine that [Petitioner's] 1996 Oregon burglary conviction properly qualified as a "burglary of a dwelling," and thus a crime of violence. Shepard, 544 U.S. at 16, 125 S.Ct. 1254; Montanez, 442 F.3d at 489; see also United States v. Peters, 462 F.3d 716, 719 (7th Cir. 2006) ("Charging documents are specifically listed within this universe of material the sentencing judge may consider.").

The whole of [Petitioner's] argument is that the District Court did not base its finding on an indictment, a plea agreement, a plea colloquy from the Oregon case, an admission of the facts before the District Court, or any other reliable judicial record. The Court based its decision on a Presentence Report and a conviction entry for a nongeneric burglary. This is not sufficient to qualify as a prior felony conviction of violence as a career offender.

---

[1] Contrary to [Petitioner's] assertion on appeal, these documents *were* in fact disclosed to the parties. [Citation.] In addition, and also contrary to [Petitioner's] contention on appeal, the Probation Officer was informed by court records-not merely police arrest records, [citation]-when preparing the PSR, and the District Court clearly relied on the PSR. See United States v. Peters, 462 F.3d 716, 719 (7th Cir. 2006) ("The court does not need the actual physical charging document, . . . a presentence report that recounts the charging document's terms will suffice.").

> Contrary to [Petitioner's] contention, the District Court properly relied on the PSR and the charging documents included in the subsequently distributed memorandum to determine that his prior burglary conviction was a burglary of a dwelling. See Shepard, 544 U.S. at 16, 125 S.Ct. 1254; Montanez, 442 F.3d at 489. Thus, [Petitioner] has failed to demonstrate plain error. [Citation.]

United States v. Drister, 240 Fed.Appx. 81 (6th Cir. 2007).

Petitioner's challenge is based on the United States Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 16 (2005), which stated that the district court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." The Sixth Circuit's decisions in Wynn and McMurray merely applied the Supreme Court's decision in Shepard to the circumstances present in those cases. Thus, there is no merit to Petitioner's claim that he did not have an unobstructed opportunity to present his claim.

Moreover, Petitioner's claim that he is actually innocent for purposes of the "escape hatch" is likewise without merit. A claim of actual innocence is governed by the test set forth in Bousley v. United States, 523 U.S. 614, 623 (1998), which requires petitioner to demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928 (2013) ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.") (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see also Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). Because Petitioner's claim rests not on an element of the underlying criminal offense, but rather on an element of the enhancement, Petitioner cannot demonstrate that his claim renders it more likely than not that he could have avoided a conviction altogether. Further, to extent that this standard would ever be applied in the context of an element of enhancement, as opposed to the conviction itself, Petitioner has failed to sufficiently meet that standard under McQuiggin. Although Petitioner contends his actual innocence is proven by reviewing the police reports describing the

circumstances of his prior burglary conviction, Petitioner presents nothing more than his conclusions concerning the record, and has failed to demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Moreover, the appellate court, which considered the totality of the circumstances, rejected Petitioner's characterization of the record and concluded that the evidence was contrary to Petitioner's contention. Therefore, not only has Petitioner not demonstrated an unobstructed opportunity to present his claim, he also fails to meet his burden of establishing actual innocence.

In sum, the Court concludes that Petitioner has not shown that he is actually innocent of the offense. Furthermore, he has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims. Thus, Petitioner may not raise his claims in a proceeding pursuant to § 2241 and the petition should be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d at 1061.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and
2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review

//

//

//

1  the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

8  Dated:   **July 12, 2013**

UNITED STATES MAGISTRATE JUDGE