UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD O. DRISTER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. GILL,<br><br>　　　　　Respondent. | Case No.:1:13-cv-00841-LJO-SAB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 15]<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDER ON NINTH CIRCUIT COURT OF APPEALS, **Case No. 13-16856** |

　　On August 14, 2013, the instant petition for writ of habeas corpus filed pursuant 28 U.S.C. § 2241 was dismissed and judgment was entered. (ECF Nos. 13, 14.) In that order, the Court also declined to issue a certificate of appealability. (ECF No. 13.)

　　On August 21, 2013, Petitioner filed a motion for reconsideration. (ECF No. 15.)

　　On September 12, 2013, Petitioner filed a notice of appeal. The appeal was processed to the Ninth Circuit Court of Appeals and issued case number 13-16856.

　　On September 27, 2013, the Ninth Circuit Court of Appeals issued and order holding its proceedings in abeyance pending this Court's resolution of Petitioner's August 21, 2013, motion for reconsideration. (ECF No. 19.)

　　The instant petition for writ of habeas corpus was dismissed for lack of jurisdiction because Petitioner was challenging the validity and constitutionality of his sentence which must be raised by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

Petitioner moves for reconsideration of the Court's August 14, 2013, order dismissing the petition for writ of habeas corpus pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Petitioner does not present sufficient grounds to warrant relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which is appropriate when there are highly unusual circumstances, the district is presented with newly discovered evidence, the district court committed clear error, or there is a change in controlling law. School Dist. No. 1J, Multnomah County, Oregon v. Acands, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986). Here, there is no claim of new evidence, highly unusual circumstances, or a change in controlling law. Petitioner merely contends the court committed clear error by failing to consider his claim that a state prison official confiscated his police report in 1997 which prevented him from filing a timely section 2255 motion.

For the reasons stated in the Findings and Recommendation issued July 12, 2013, adopted in full by the undersigned on August 14, 2013, Petitioner failed to demonstrate that § 2255 was inadequate or ineffective and he failed to demonstrate that was actually innocent of the offense.

In addition, Petitioner's argument that this Court erred in declining to issue a certificate of appealbility because it is not required, is unfounded. The August 14, 2013, order specifically stated, "[a] certificate of appeability is required if, as here, the petition is a successive section 2255 petition disguised as a section 2241 petition. Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001)." (ECF No. 13 at 2:4-6.) Therefore, because the Court found that the instant petition was a section 2255 petition disguised as 2241 petition, a certificate of appealability is required. Petitioner's disagreement with this Court's finding does not warrant reconsideration.

///
///
///
///
///
///

In sum, Petitioner has not made an adequate showing for relief under any of the four basic grounds for reconsideration referenced above.  Therefore, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

    Dated: **October 3, 2013**       **/s/ Lawrence J. O'Neill**
                                                                   UNITED STATES DISTRICT JUDGE